**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER COLLINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05CV0009 ERW |
| ) | |
| MISSOURI ELECTRIC COOPERATIVES ) | |
| EMPLOYEES CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court upon Defendant's Motion for Summary Judgment [doc. #30]; Plaintiff's Motion for Summary Judgment [doc. #28]; and Plaintiff's Supplemental Motion for Summary Judgment [doc. #33].

### I. FACTUAL BACKGROUND[1]

On January 6, 1994, Christopher Collins ("Plaintiff") opened a share account and checking account, account number 48488-00, with Missouri Electric Cooperatives Employees Credit Union ("Defendant"). On February 4, 2003, Defendant received an e-mail generated by Plaintiff via Defendant's website in which Plaintiff provided his name, account number, and e-mail address and requested that he receive electronic statements for his account.[2] On February 6, 2003, pursuant to Plaintiff's e-mail request, Plaintiff's e-mail address was added to Defendant's Monthly Change List,

---

[1]The facts stated herein include the uncontroverted facts and certain facts which remain in dispute. The Court has noted the facts which remain in dispute.

[2]Plaintiff claims that he does not remember submitting such information to request electronic statements; however, he has produced no evidence to substantiate this claim or controvert the evidence that Defendant has provided.

1

and, in May 2003, Defendant ceased sending Plaintiff statements through the U.S. Postal Service and began sending electronic statements to Plaintiff's e-mail address.

Plaintiff was arrested by the Sikeston Department of Public Safety on an outstanding warrant on May 23, 2003. Subsequently, Plaintiff was incarcerated at Millington Federal Prison Camp in Millington, Tennessee. While incarcerated, Plaintiff became aware of electronic fund transfers against his checking account. On December 9, 2003, Plaintiff phoned Defendant and spoke with a Member Service Representative regarding these transactions. The Representative asked Plaintiff to submit written confirmation of his complaint within ten days following his oral complaint. Plaintiff sent an undated, handwritten confirmation letter which, according to Plaintiff, he sent on December 15, 2003. Defendant claims it did not receive the letter until late December of 2003 or early January of 2004.

The parties have not resolved their dispute relating to the transactions, and Defendant has not acquiesced to Plaintiff's request to have the disputed transactions investigated. Accordingly, Plaintiff, who is proceeding *pro se*, brings this civil lawsuit under The Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq*.

## II. SUMMARY JUDGMENT STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court shows "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Crumley v. City of St. Paul*, 324 F.3d 1003, 1006 (8th Cir. 2003). The United States Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the federal rules as a whole, which are designed to 'secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S.

317, 322 (1986) (quoting Fed. R. Civ. P. 1).

"'By its terms, [Rule 56(c)(1)] provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for judgment; the requirement is that there be no *genuine* issue of *material* fact.'" *Hufsmith v. Weaver*, 817 F.2d 455, 460 n.7 (8th Cir. 1987) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis added by Supreme Court)). Material facts are "those 'that might affect the outcome of the suit under governing law.'" *Id.* (quoting *Anderson*, 477 U.S. at 247-48). Summary judgment will be denied due to a material issue of genuine fact if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *Crumley*, 324 F.3d at 1006. Further, if the non-moving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, . . . there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23, *quoted in St. Jude Med., Inc. v. Lifecare Intern., Inc.*, 250 F.3d 587, 595 (8th Cir. 2001).

The initial burden of proof in a motion for summary judgment is placed on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *Crumley*, 324 F.3d at 1006 (citing *Lynn v. Deaconess Med. Ctr.-W. Campus*, 160 F.3d 484, 487 (8th Cir. 1998)). The burden then shifts to the non-moving party who must set forth specific evidence showing that there is a genuine dispute as to material issues. *Anderson*, 477 U.S. at 249. To meet its burden, the non-moving party may not rest on the pleadings alone and must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. In analyzing summary judgment motions, the court must view the evidence in the light most favorable

to the non-moving party. *Crumley*, 324 F.3d at 1008. The non-moving party is given the benefit of any inferences that can logically be drawn from those facts. *Matsushita*, 475 U.S. at 586. The court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." *Kampouris v. St. Louis Symphony Soc.*, 210 F.3d 845, 847 (8th Cir. 2000). The court instead "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." *Id.*

## III. DISCUSSION

In his Petition, Plaintiff alleges that Defendant violated the EFTA, 15 U.S.C. § 1693 *et seq.*, based upon three separate theories of liability. First, Plaintiff alleges that Defendant failed to provide Plaintiff with statements, as required by 15 U.S.C. § 1693d(c), from April 2003 to August 2004. Second, Plaintiff alleges that Defendant is liable under 15 U.S.C. §§ 1693a(11), 1693f, and 1693g for unauthorized electronic fund transfers from Plaintiff's account. Third, Plaintiff alleges that Defendant failed to conduct a timely and good faith investigation, as required by 15 U.S.C. § 1693f(a), following Plaintiff's telephone call notifying Defendant of the disputed fund transfers.

### A. Defendant's Motion for Summary Judgment

In Defendant's Motion for Summary Judgment, Defendant claims that: (1) it mailed a paper statement to Plaintiff in April 2003 and delivered electronic statements to Plaintiff, per his request, from May 2003 to August 2004; (2) the disputed fund transfers were authorized by Plaintiff; and (3) Defendant was not required to conduct an investigation regarding the disputed fund transfers because Plaintiff failed to comply with 15 U.S.C. § 1693f(a) by not providing a written confirmation of his complaint within ten days following Defendant's request for such confirmation.

4

### 1. Periodic Statements

Plaintiff claims that Defendant failed to provide periodic checking account statements from April 2003 to August 2004. The EFTA requires that financial institutions provide consumers with "a periodic statement for each account of such consumer that may be accessed by means of an electronic fund transfer." 15 U.S.C. § 1693d(c). Statements must be "provided at least monthly for each monthly or shorter cycle in which an electronic fund transfer affecting the account has occurred..." 15 U.S.C. § 1693d(c).

Defendant claims that it mailed a statement to Plaintiff for April 2003 and provided Plaintiff with electronic statements from May 2003 to August 2004. Defendant claims that Plaintiff voluntarily enrolled to receive electronic statements through Defendant's web-site, which, at the consumer's request, creates and sends Defendant an e-mail containing the consumer's name, account number and e-mail address. Accordingly, Defendant ceased mailing statements and sent electronic statements to Plaintiff's e-mail address beginning in May of 2003.

Defendant supports these claims with evidence. Defendant has submitted the Affidavit of Mike Stumbaugh, a Member Service Representative, in which Mr. Stumbaugh states that he has verified with Systronics Inc., Defendant's data processing provider, that Plaintiff received a paper statement for the month of April 2003 and received electronic statements from May 2003 through September 2004. Moreover, Defendant has submitted the e-mail generated by Plaintiff via Defendant's web-site which includes Plaintiff's name, account number and e-mail address and request that Defendant send him electronic statements. Finally, Defendant has submitted a copy of the paper statement delivered to Plaintiff for April 2004 and copies of the statements electronically delivered to Plaintiff from May 2003 through October 2004.

Plaintiff provides no evidence to refute Defendant's Affidavit, e-mail and duplicate statements.³ Rather, Plaintiff contends that "[Defendant] failed to meet the disclosure requirements under 15 U.S.C. § 7001," The Electronic Signatures in Global and National Commerce Act ("ESGNCA"). Pl.'s Mem. in Opp. to Sug. in Sup. of Def.'s Mot. for Sum. Judg. at 6. The ESGNCA states the following, regarding assent to electronic records and consumer disclosures:

> [I]f a statute, regulation, or other rule of law requires that information relating to a transaction or transactions . . . be provided or made available to a consumer *in writing*, the use of an electronic record to provide . . . such information satisfies the requirement that such information be *in writing* if--
> (A) the consumer has affirmatively consented to such use and has not withdrawn such consent. . .

15 U.S.C. § 7001(c)(1) (emphasis added). This language indicates that the ESGNCA applies to 15 U.S.C. § 1693d(c) only if periodic statements are required to be provided in writing.

According to 1693d(c), "[a] financial institution shall provide each consumer with a periodic statement for each account of such consumer that may be accessed by means of an electronic fund transfer." 15 U.S.C. § 1693d(c). This language does not explicitly indicate that periodic statements must be provided in writing like other subsections of the statute which explicitly require financial institutions to provide written documentation to consumers. For example, 15 U.S.C. § 1693c(b) states: "A financial institution shall notify a consumer in writing at least twenty-one days prior to the effective date of any change in any term or condition of the consumer's account..." Also, 15 U.S.C. § 1693d(a) requires financial institutions to "make available to the consumer written documentation" of "electronic fund transfer[s] initiated by a

---

³Plaintiff merely claims in his Deposition that he could not remember if he had enrolled to receive electronic statements.

consumer from an electronic terminal." The lack of specific language in 15 U.S.C. § 1693d(c) requiring periodic statements to be in writing, combined with the presence of such language in other sections of the EFTA, indicate that the legislative intent was to not require that periodic statements be in writing. Therefore, the ESGNCA does not apply to 15 U.S.C. § 1693d(c).

When the Court views the evidence presented in the light most favorable to Plaintiff, no genuine issue of material fact remains regarding Plaintiff's claim against Defendant for failure to provide periodic statements as required by 15 U.S.C. § 1693d(c). Plaintiff has failed to provide evidence to dispute Defendant's showing that it mailed Plaintiff a paper statement for April 2003 and sent electronic statements to Plaintiff from May 2003 through September 2004. Furthermore, Plaintiff's assertion that Defendant failed to comply with the disclosure requirements under 15 U.S.C. § 7001 is unfounded because the statute does not apply to 15 U.S.C. § 1693d(c). Therefore, no genuine issue of material fact remains and summary judgment is proper regarding this claim.

**2. Electronic Fund Transfers**

Defendant asserts that it is not liable for the disputed fund transfers against Plaintiff's account because Plaintiff authorized the transactions. The United States Code, 15 U.S.C. § 1693a(11), defines "unauthorized electronic fund transfer" as:

> [A]n electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit, but the term does not include any electronic fund transfer (A) initiated by a person other than the consumer who was furnished with the card, code, or other means of access to such consumer's account by such consumer, unless the consumer has notified the financial institution involved the transfers by such other person are no longer authorized. . .

15 U.S.C. § 1693a(11). As a rule, financial institutions bear the burden of proof to show that electronic fund transfers were authorized. 15 U.S.C. § 1693g(b).

Defendant claims that Plaintiff authorized Ms. Theresa Baker to use his card, and Defendant supports this claim with the Deposition of Ms. Baker. In her Deposition, Ms. Baker claims that she was Plaintiff's fiancée at the time he was arrested, that Plaintiff voluntarily gave her possession of his debit/credit card, and that Plaintiff gave her permission to use the card before and after he was arrested. While the Court will not make credibility determinations at this time, the charges on the account are entirely consistent with Ms. Baker's testimony.

Plaintiff claims that he did not authorize Ms. Baker to use his card, and he points to his own Deposition and an Affidavit from Ms. Hazel Hicks to support this claim. In his Deposition, Defendant contends that Hazel Hicks, his mother, was the only other authorized user of his account, and he thought his debit/credit card was in the custody of the Sikeston Department of Public Safety following his arrest. In her Affidavit, Ms. Hicks states that Defendant told her that the police probably had his debit/credit card and that Defendant asked her to monitor his statements to make sure no one was making unauthorized transactions.

Here, a genuine issue of material fact remains: whether Plaintiff gave Ms. Baker permission to make transactions against his account. Liability for the disputed transactions hinges on the determination of this factual issue, and the Court will not weigh the credibility of the evidence presented. Therefore, Plaintiff's claim alleging unauthorized transactions withstands Defendant's Motion for Summary Judgment.

### 3. Good Faith Investigation

Plaintiff alleges that Defendant was required to conduct an investigation regarding the

disputed electronic fund transfers and that Defendant failed to do so. In its Motion for Summary Judgment, Defendant asserts that it was not required to conduct such an investigation because Plaintiff failed to provide, in writing, confirmation of his complaint of unauthorized electronic fund transfers within ten days of Defendant's request for such confirmation. According to 15 U.S.C. § 1693f(a), if a financial institution receives oral or written notice from a consumer indicating the consumer's belief that an error has occurred with the consumer's account,

> the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days. The financial institution may require written confirmation to be provided to it within ten business days of an oral notification of error if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent. A financial institution which requires written confirmation in accordance with the previous sentence need not provisionally recredit a consumer's account in accordance with subsection (c), nor shall the financial institution be liable under subsection (e) if the written confirmation is not received within the ten-day period referred to in the previous sentence.

A plain reading of § 1693f(a) indicates that a financial institution is required to conduct an investigation after receiving oral or written notice of an alleged error. Defendant admits that Plaintiff called one of its member service representatives on December 9, 2003, and provided an oral notice indicating his belief that an error had occurred with his account. Thus, according to section 1693f(a), Defendant was required to conduct an investigation regarding the alleged errors.

Defendant's claim that Plaintiff failed to submit a timely written confirmation of his oral notice is not relevant when considering whether Defendant was required to conduct a good faith investigation. Section 1693f(a) does not indicate that Defendant's duty to conduct a good faith investigation is dependant upon Plaintiff timely submitting written confirmation of his oral

9

notification. A close reading of § 1693f(a) indicates that written confirmation within ten days is relevant only to Defendant's duty to provisionally recredit Plaintiff's account and to Defendant's liability for treble damages.

Defendant admits that Plaintiff provided oral notice indicating his belief of an error with his account, and § 1693f(a) requires Defendant to conduct a good faith investigation after receiving such notice. Therefore, Defendant's claim that it was not required to conduct a good faith investigation will be denied.

### B. Plaintiff's Motion for Summary Judgment

In Plaintiff's Motion for Summary Judgment, he claims: (1) the disputed transactions were unauthorized; (2) 15 U.S.C. § 1693g limits his liability as a consumer; (3) 15 U.S.C. § 1693c(b) required Defendant to notify him of the change when Defendant began sending him electronic statements; (4) Defendant failed to conduct a good faith investigation as required by 15 U.S.C. § 1693f(a); and (5) the Court should award him treble damages pursuant to 15 U.S.C. § 1693f(e).

#### 1. Electronic Fund Transfers

Plaintiff asserts that he is entitled to Summary Judgment regarding his claim that the disputed electronic fund transfers were unauthorized. As the Court found above, when addressing Defendant's Motion for Summary Judgment, a genuine issue of material fact remains regarding whether the disputed electronic fund transfers were authorized. Defendant claims that Plaintiff authorized Ms. Theresa Baker to use his card, and Defendant supports this claim with the Deposition of Ms. Baker. Plaintiff claims that he did not permit Ms. Baker to use his card, and he points to his own Deposition and an Affidavit from Ms. Hazel Hicks to support this claim. The Court will not weigh the credibility of the evidence presented. Therefore, Plaintiff's claim for

Summary Judgment alleging that the disputed electronic fund transfers were unauthorized will be denied.

   **2.   Consumer Liability**

Plaintiff contends that 15 U.S.C. § 1693g limits his liability as a consumer. Section 1693g addresses the limitation of consumer liability; however, the section applies only to unauthorized electronic fund transfers, not authorized transfers.[4] As the Court has noted, whether the electronic fund transfers were authorized remains a genuine issue of material fact. Therefore, Plaintiff's claim for limited liability remains a genuine issue of material fact as well, and the Court will deny Summary Judgment on this claim.

   **3.   Notice of Changes to Consumer**

Plaintiff alleges that Defendant failed to notify Plaintiff, pursuant to 15 U.S.C. § 1693c(b), that it ceased sending paper statements via the U.S. Postal Service and began sending electronic statements to Plaintiff's e-mail address. Defendant admits that it did not send Plaintiff such notification, but suggests that section 1693c(b) imposes no such duty. Section 1693c(b) reads as follows:

> A financial institution shall notify a consumer in writing at least twenty-one days prior to the effective date of any change in any term or condition of the consumer's account required to be disclosed under subsection (a) of this section if such change would result in greater cost or liability for such consumer or decreased access to the consumer's account.

15 U.S.C. § 1693c(b). Defendant argues that Plaintiff voluntarily requested that he receive electronic statements, and therefore, Defendant was not required to send him notification of the change. However, section 1693c(b) requires financial institutions to notify consumers of "any

---

   [4]15 U.S.C. s 1693g(a), entitled "Unauthorized electronic fund transfers; limit," reads as follows: "A consumer shall be liable for any unauthorized electronic fund transfer involving . . ."

change," regardless of whether the financial institution or the consumer initiated the change. 15 U.S.C. § 1693c(b).

Defendant further argues that it was not required to provide Plaintiff with notification because 15 U.S.C. § 7001(c)(1) allows consumer disclosures through electronic record. As the Court noted when addressing Defendant's Motion for Summary Judgment, the Court agrees that Defendant was allowed to send electronic statements. However, Defendant changed a "term or condition" of Plaintiff's account, the means by which Plaintiff received his statements, when it ceased sending paper statements and began sending electronic statements. Therefore, Defendant was required to send notification to Plaintiff pursuant to section 1693c(b), and the Court will grant Summary Judgment for Plaintiff regarding this issue.

### 4. Good Faith Investigation

When addressing Defendant's Motion for Summary Judgment above, the Court found that Defendant was required to conduct a good faith investigation pursuant to 15 U.S.C. § 1693f(a) regarding the disputed electronic fund transfers. In Plaintiff's Motion for Summary Judgment, he claims that Defendant failed to conduct such an investigation. Defendant asseverates that "there is still evidence on the record that the Defendant did not fail to conduct a good faith investigation." Def.'s Resp. in Opp. to Pl.'s Mot. for Sum. Judg. at 18. However, Defendant has failed to provide a citation to the record to support this specific contention.[5] Rather than arguing

---

[5]Eastern District of Missouri Local Rule 4.01(A) states the following:
Unless otherwise directed by the court, the moving party shall file with each motion a memorandum in support of the motion, including citations of any authorities on which the party relies. If the motion requires consideration of facts not appearing in the record, the party also shall file all documentary evidence relied upon.

that it did in fact conduct an investigation, Defendant provides a series of reasons to explain why its investigation was hindered. First, Defendant claims its

> investigation was limited by the inadequate amount of information and vague request provided by the Plaintiff. Furthermore, Plaintiff's failure to provide [sic] to file or provide a police report limited the amount of investigation that the Defendant could conduct.

*Id*. Second, Defendant asserts that its letter of February 9, 2004 to Plaintiff[6] shows that "Defendant had attempted to conduct a proper investigation, but were [sic] unable to do so due to Plaintiff's failure to give timely notice." Finally, Defendant claims that "[P]laintiff's failure to provide an updated address for which to send correspondence created any [sic] delay in responding to [P]laintiff's first written letter." *Id*. Defendant has failed entirely to provide any evidence to show that it conducted an investigation at all.

Notwithstanding Defendant's failure to cite to evidence on the record to support its claim that it did conduct an investigation, the Court has scoured the record in its entirety and has found no such evidence. Therefore, the Court will grant Summary Judgment for Plaintiff regarding his claim that Defendant failed to conduct a good faith investigation.

### 5. Treble Damages

Plaintiff claims that he is entitled to treble damages pursuant to 15 U.S.C. § 1693f(e). The subsection states:

> If in any action under section 1693m of this title, the court finds that--
> (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c) of this section , and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's

---

[6]*See* Exhibit A of Plaintiff's Complaint.

account was not in error; or . . .

15 U.S.C. § 1693f(e).  Treble damages are awarded pursuant to section 1693m(a)(1), according to any actual damage sustained by the consumer.

Plaintiff claims that the Court should award him treble damages for failing to provisionally recredit his account while simultaneously failing to perform a good faith investigation.  The Court has found above that Defendant failed to conduct a good faith investigation.  However, issues of fact remain regarding, among other things, whether Defendant suffered any actual damage and whether Defendant failed to provisionally recredit Plaintiff's account.  Therefore, determination of damages will be left for trial.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment [doc. #30] is **GRANTED** in part and **DENIED** in part.  Defendant's Motion for Summary Judgment is **GRANTED** as to Defendant's claim that it provided Plaintiff with periodic statements as required by 15 U.S.C. § 1693d(c).  Defendant's Motion for Summary Judgment is **DENIED** as to Defendant's claim that the disputed transactions were authorized and as to Defendant's claim that it had no duty to conduct a good faith investigation

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment [doc. #28] and Plaintiff's Supplemental Motion for Summary Judgment [doc. #33] are **GRANTED** in part and **DENIED** in part.  Plaintiff's Motions for Summary Judgment are **GRANTED** as to Plaintiff's claim that Defendant failed to conduct a good faith investigation and as to Plaintiff's claim that Defendant failed to notify him of changes to the terms and conditions of his account.  Plaintiff's Motions for Summary Judgment are **DENIED** as to Plaintiff's claim that the disputed

transactions were unauthorized; as to Plaintiff's claim that, as a consumer, his liability was limited; and as to Plaintiff's claim for treble damages .

Dated this 26th day of July, 2006.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE