UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

CHRISTOPHER COLLINS, )
)
    Plaintiff(s), )
)
  vs. )     Case No. 1:05CV00009 ERW
)
MISSOURI ELECTRIC COOPERATIVES )
EMPLOYEES CREDIT UNION, )
    Defendant(s). )

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Relief of Judgment or Order [doc. #85].

## I.  BACKGROUND

The Plaintiff Christopher Collins ("Plaintiff") filed suit against Defendant Missouri Electric Coopoeratives employees Credit Union ("Defendant") for violation of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693a, *et seq.*  On July 26, 2006, this Court granted in part and denied in part Plaintiff's motion for summary judgment, and granted in part and denied in part Defendant's motion for summary judgment.  Following that ruling, the case preceded to trial on Plaintiff's remaining claims.  The trial was bifurcated, allowing the jury to determine Defendant's liability, before evidence would be admitted regarding damages.  The jury returned a verdict in favor of the Defendant.  The Plaintiff filed a post-judgment Motion for Judgment as a Matter of Law Notwithstanding the Jury's verdict, which was denied by this Court on December 6, 2006.  The Plaintiff has now filed a motion for reconsideration of this Court's July 26, 2006 order, as well as reconsideration of the December 6, 2006 order.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure allow a Court to amend a prior ruling under two distinct circumstances. Rule 60(a), which is cited by the Plaintiff, provides that:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at anytime of its own initiative or on the motion of any party and after such notice, if any, as the court orders.

Fed. R. Civ. P. 60(a). The second federal rule is 59(e) which permits a motion to alter or amend the judgment, but such motion "shall be filed no later than 10 days after entry of the judgment. Fed. R. Civ. P. 59(e). The Court further notes that in construing the Plaintiff's motion, it is necessary that the Court do so liberally, as the pro se litigant is understandably held to less stringent standards than a trained lawyer. *Estell v. Gamble*, 429 U.S. 97, 106 (1976) ("The handwritten pro se document is to be liberally construed."); *see also Kaufmann v. Sheehan*, 707 F.2d 355, 358 (8th Cir. 1983) ("Because appellant drafted his proposed amendment pro se, the district court was required to liberally construe it.").

## III. DISCUSSION

The Court found in its July 26, 2006 order, that the Defendant failed to comply with the requirements of the EFTA by failing to conduct a good faith investigation of the alleged errors, and by failing to notify the Plaintiff of a change in the terms or conditions of his account. The Plaintiff asserts that this order entitles him to statutory damages, as well as the costs of litigation. *Pl. Mot. for Relief of Judgment or Order*, 3. The Defendant does not directly respond to Plaintiff's substantive argument, but rather asserts that relief under Rule 60(a) is inappropriate in this circumstance, as the error the Plaintiff seeks to correct is not clerical.

The Court first looks at the possibility of relief under Federal Rule 59(e), even though it was not raised by the Plaintiff. Relief under Rule 59(e) is clearly unavailable as the Plaintiff's

motion is more than ten days after both this Court's July 26, 2006 order, and this Court's December 6, 2006 order, as the present motion was not filed until January 8, 2007.

Here, Plaintiff does not seek to correct a clerical mistake under Fed. R. Civ. P. 60(a), rather, he claims judicial error by failure to award statutory damages. In the case *sub judice*, the Court entered the intended judgment in its July 26, 2006 order, ruling "[t]herefore, determination of damages will be left for trial." The dispute at the jury trial related to whether the use of Plaintiff's debit card by another was authorized or unauthorized. The jury was instructed on the law relating to unauthorized transfers, and obviously concluded, based on credible evidence, that Plaintiff had authorized his girlfriend to use his debit card, and the jury unanimously found in favor of Defendant. Judgment was entered in accordance with the jury verdict, but the Court omitted to enter judgment in favor of Plaintiff for statutory damages.

On October 31, 2006, Plaintiff filed a Motion for Judgment as a Matter of Law and Memorandum of Law in Support Thereof [doc. #71] in which he correctly stated that this Court had earlier granted his summary judgment motion on his claim that Defendant failed to conduct a good faith investigation and failed to notify him of changes to the terms and conditions of his account. He then filed Plaintiff's Motion for Judgment as a Matter of Law Notwithstanding the Jury's Verdict [doc. #78], restating the Court's earlier rulings in his favor, and among other arguments, states that "Plaintiff is entitled to $1,000.00 on the claim Defendant failed to conduct a good faith investigation," and "Plaintiff is entitled to $1,000.00 on the claim Defendant failed to notify Plaintiff of changes to his account terms and conditions."

Clearly, Plaintiff timely preserved his claims for statutory damages. In overruling these motions, this Court erroneously omitted awarding Plaintiff statutory damages to which he was lawfully entitled to receive, albeit, not in the amount sought by Plaintiff. Considering all of the

evidence in this case, and Plaintiff's authorization of his girlfriend to use the debit card, under 15

U.S.C. § 1693m(a)(2)(A), Plaintiff is entitled to receive statutory damages, and the Court believes

the statutory minimum of $100.00 is appropriate in this case. Under §1693m(a)(2)(B)(3),

Plaintiff is entitled to receive "costs of the action" including $150.00 for the filing fee; $15.00 for

photocopying and $120.00 for witness fees. He is entitled to no other damages in this action. *See*

Bisby v. *D.C. National Bank,* 793 F.2d 315, 317,318 (D.C. Cir. 1986).

Because Plaintiff timely preserved his lawful request for relief, the Court may correct its

judgment under Fed R. Civ. P. 60(a). In this case, Plaintiff has filed a Notice of Appeal in the

Eighth Circuit Court of Appeals, before this Court ruled his instant motions. His motions are not

interpreted by this Court as an attempt to "start the time for filing a notice of appeal." *United*

*States v. 1,431.80 Acres of Land More or Less in Cross County Arkansas,* 466 F.2d 820, 822 (8th

Cir. 1972). It is the Court's view that these are proper timely filed motions on which the Court

may grant the indicated relief. "During the pendency of an appeal, such mistakes may be so

corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is

pending may be so corrected with leave of the appellate court." *Id.* at 822. Clearly the appeal has

been docketed in the Eighth Circuit. Therefore, Plaintiff or Defendant must seek leave of the

Eighth Circuit Court of Appeals to allow this Court's erroneous omission to be corrected. Upon

failure of Plaintiff or Defendant to do so, this Court invites remand to allow the error to be

corrected.

Accordingly, the Court finds that Plaintiff is entitled to statutory damages in the amount of

$385.00, and his Motion for Relief of Judgment or Order [doc. #85] is **GRANTED, IN PART,**

**AND DENIED, IN PART.**

**IT IS HEREBY ORDERED** that Plaintiff or Defendant may seek leave from the United States Court of Appeals for the Eighth Circuit to allow this Court to correct the final judgment dated October 31, 2006.   Alternatively, the Court invites the opportunity to correct its error on remand.

**IT IS HEREBY FURTHER ORDERED AND ADJUDGED,** if leave be granted by the Eighth Circuit Court of Appeals,  Judgment will be entered in favor of Plaintiff for statutory damages in the amount of $385.00 and judgment will,  in all other respects be granted in favor of Defendant, Missouri Electric Cooperative Employees' Credit Union and against Plaintiff, Christopher Collins.

Dated this <u>12th</u> Day of <u>February</u>, 2007.

E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE