UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER COLLINS, | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 1:05CV00009 ERW |
| | ) | |
| MISSOURI ELECTRIC COOPERATIVES | ) | |
| EMPLOYEES CREDIT UNION, | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff Collins' Motion for Existing Records and Reporter's Verbatim Transcripts [doc. #99].

Plaintiff Christopher Collins filed suit, on January 10, 2005, against Missouri Electric Cooperatives Employees Credit Union ("MECECU"), alleging violations of the Electronic Funds Transfer Act ("EFTA"). Both parties moved for summary judgment. This Court entered an order on July 26, 2006, granting partial summary judgment in favor of Plaintiff, partial summary judgment in favor of Defendant, and leaving the question of whether the disputed transactions were authorized as an issue for trial. A trial on the matter was held on October 10, 2006, and judgment returned in favor of the Defendant. The Plaintiff has now appealed the decision, and is seeking a free copy of the trial transcript, as well as a copy of: (1) letter to Clerk of Court from Missouri Department of Corrections [doc. #17], (2) Plaintiff's Supplemental Motion for Summary Judgment [doc. #33], (3) all Trial Exhibits except Plaintiff's Exhibit #1, (4) Motion for Judgment as a Matter of Law and Memorandum in Support at the close of all the evidence [doc. #71], and

(5) Motion for Judgment as a Matter of Law Notwithstanding the Jury's Verdict [doc. #78]. The Plaintiff has been granted leave to proceed in forma pauperis on appeal.

28 U.S.C. § 753(f) provides, in pertinent part, "[f]ees for transcripts furnished in other proceedings to persons permitted to appeal in forma pauperis shall also be paid by the United States if the trial judge or a circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." The Federal Rules of Appellate Procedure require that a transcript be requested by the appellant and provided to the court on appeal. Fed. R. App. P. 10(b). The failure to file a copy of the transcript on appeal "raises an effective barrier to informed, substantive appellate review." *Buck v. Brackett*, 181 Fed.Appx. 712, 715 (10th Cir. 2006). The Plaintiff "may obtain a transcript at government expense under § 753(f) if: (1) he is permitted to proceed in forma pauperis; (2) moves for a transcript; and (3) demonstrates that the appeal is not frivolous." *Garner v. Johnson*, 12 Fed.Appx. 862, 864 (10th Cir. 2001).

The Plaintiff has been granted leave to proceed in forma pauperis, thereby satisfying the first requirement. He has also moved this Court to provide him a copy of the trial transcript, thereby satisfying the second requirement. The question remaining is whether he has demonstrated that the appeal is not frivolous, but rather raises a substantial question. The case which is now on appeal, raised a number of legal questions under the EFTA, which were partially disposed of on Summary Judgment, and partially disposed of at trial. The Court also recently entered an order awarding damages to the Plaintiff for those portions of his complaint on which he was successful. On Summary Judgment this Court ruled that Defendants had failed to comply with the EFTA's notice requirements, and had failed to conduct an investigation of the disputed transactions. At trial the jury returned a verdict in favor of Defendants, finding that the disputed transactions in question were authorized. Each of these issues is substantial, and this Court is not

of the opinion that Plaintiff's appeal is frivolous. Therefore in accordance with 28 U.S.C. § 753(f), the Plaintiff is to receive a copy of the trial transcript, with the expense to be borne by the United States.

The Plaintiff further requests copies of numerous court filings. The Plaintiff asserts that he had copies of all of these documents, but that they were confiscated by the U.S. Marshall Service prior to transfer to Millington Federal Prison Camp. There is a specific provision to provide documents at the government's expense for a prisoner proceeding in forma pauperis on a habeas corpus provision, however, the provision is not applicable to the case at bar, as this is not a habeas case. *See* 28 U.S.C. 2250 ("If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents. . . as may be required by order of the judge before whom the application is pending."). It is clear that the Plaintiff's status as in forma pauperis, does not itself entitle the Plaintiff to copies of court documents. *See e.g. Velasquez v. Mallisham*, 2003 WL 22231291, *1 (N.D.Tex. Sep. 12, 2003) ("[I]n forma pauperis status does not entitle her to free copies of court documents."). Furthermore, in numerous cases challenging convictions, courts have been clear that "a federal prisoner is not entitled to obtain copies of court records at the government's expense to search for possible defects merely because he is indigent." *United States v. Herrera*, 474 F.2d 1049, 1049 (5th Cir. 1973). The case law cited above is in reference to prisoner's in habeas corpus cases, however, the policy of limiting the use of government funds to provide free copies of documents is universally applicable. The Court is mindful of the difficulties a prisoner faces in proceeding as a plaintiff in a civil action pro se and in forma pauperis, however, the Plaintiff has requested a large number of documents without presenting to the Court the reason

for requiring each document.  The Plaintiff will not be given copies of these documents at the

expense of the United States, however, he may file an additional request with this Court for

specific documents as needed to complete his appeal.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Existing Records and Reporter's

Verbatim Transcripts [doc. #99] is **GRANTED in part and DENIED in part.**  Plaintiff's

Motion is **GRANTED** as it pertains to the trial transcript, Plaintiff shall be given a copy of the

trial transcript at the expense of the United States.  Plaintiff's Motion is **DENIED** as it pertains to

existing court records.

Dated this <u>6th</u> Day of <u>March</u>, 2007.


E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE