UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER COLLINS, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 1:05CV00009 ERW |
| ) | |
| MISSOURI ELECTRIC COOPERATIVES ) | |
| EMPLOYEES CREDIT UNION, ) | |
| ) | |
| Defendant(s). ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Statutory Damages and Taxation of Costs [doc. #109]. A hearing was held on November 6, 2008, and the Court heard arguments from the parties on the Motion.

**I.   BACKGROUND**

Plaintiff Christopher Collins ("Plaintiff") filed suit against Defendant Missouri Electric Cooperatives Employees Credit Union ("Defendant"), for an alleged violation of the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693-1693r. On July 26, 2006, this Court granted in part and denied in part Plaintiff's Motion for Summary Judgment and granted in part and denied in part Defendant's Motion for Summary Judgment. The case proceeded to trial on the remaining claims and the jury returned a verdict in favor of Defendant. Plaintiff filed a post-judgment Motion for Judgment as a Matter of Law Notwithstanding the Jury's Verdict, which was denied by this Court on December 6, 2006.

Plaintiff then filed a Motion for Relief of Judgment or Order, in which this Court recognized that it erroneously omitted awarding Plaintiff statutory damages to which he was lawfully entitled to receive as a result of this Court's partial grant of Plaintiff's Motion for Summary Judgment.[1] The Court stated that the parties could correct the omission by seeking leave of the Eighth Circuit. If, however, the parties failed to do so, the Court invited the Eighth Circuit to remand the case to allow the error to be corrected.

Plaintiff appealed the Court's adverse grant of summary judgment on one of his claims, the Court's denial of his motion for judgment as a matter of law on another claim, and the Court's failure to award damages on his two successful claims. The Eighth Circuit affirmed this Court's rulings on the motions for summary judgment and judgment as a matter of law, but vacated the judgment and remanded the case for further proceedings solely on the issue of damages.

## II. DISCUSSION

### A. STATUTORY DAMAGES

This Court has previously determined that Defendant failed to comply with the Electronic Fund Transfer Act. As a result, under 15 U.S.C. § 1693m, Defendant is liable to Plaintiff for "an amount not less than $100 nor greater than $1,000." In determining the precise amount of liability, the Court is to consider "the frequency and persistence of noncompliance, the nature of such noncompliance, and the extent to which the noncompliance was intentional," among other factors. 15 U.S.C. § 1693m(b)(1).

---

[1] The Court granted summary judgment on Plaintiff's claim that Defendant failed to notify Plaintiff, pursuant to 15 U.S.C. § 1693c(b), that it ceased sending paper statements via the U.S. Postal Service and began sending electronic statements to Plaintiff's e-mail address. The Court also granted summary judgment on Plaintiff's claim that Defendant failed to conduct a good faith investigation regarding disputed electronic fund transfers, pursuant to 15 U.S.C. § 1693f(a).

Both parties have presented persuasive arguments. Plaintiff focuses on the frequency of Defendant's noncompliance with the Electronic Fund Transfer Act, arguing that he made numerous attempts to notify Defendant of errors in Plaintiff's account, without receiving a satisfactory response. He also argues that he would have discovered the errors much earlier had Defendant complied with the Electronic Fund Transfer Act and notified Plaintiff when it began sending electronic statements, in lieu of sending paper statements in the mail. Defendant, however, argues that although there were admittedly some investigative shortcomings, Plaintiff's damages were in large part caused by his own voluntary actions, namely his request for electronic statements, his arrest and incarceration, and his authorization of his girlfriend to use his debit card.

Plaintiff and Defendant have both made persuasive arguments, however the Court is persuaded that Plaintiff's damages were exacerbated by his own actions. Nevertheless, the Defendant's actions cannot be ignored, since it clearly, even admittedly, violated the terms of the Electronic Fund Transfer Act. As a result, the Court is inclined to grant Plaintiff damages greater than the statutory minimum, in the amount of $750.00.

**B.     TAXATION OF COSTS**

In addition to statutory damages, Plaintiff is also entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court," under 15 U.S.C. § 1693m(a)(3).[2] Plaintiff has requested the following in his Bill of Costs: $150.00 for the docket fee; $25.00 for postage stamps; $25.00 for typewriter ribbons and correction tapes; $150.00 for

---

[2]Attorney's fees are not at issue in this case, as Plaintiff proceeded *pro se* throughout the course of his lawsuit.

long distance phone calls; $15.00 for photocopies; $90.73 for witness Hazel Hicks, consisting of $40.00 for witness fees and $50.73 for mileage; $121.88 for witness Qwenteria Collins, consisting of $40.00 for witness fees and $81.88 for mileage; and $62.25 for witness Brandon Daniels, consisting of $40.00 for witness fees and $22.25 for mileage. At the hearing, Plaintiff also requested the costs of the appeals process, which had already been granted by the Eighth Circuit in the amount of $481.25. Defendant argues that, under 28 U.S.C. § 1920, it is not liable for the cost of Plaintiff's postage stamps, typewriter ribbons and correction tape, long distance phone calls, or mileage for witnesses. Defendant also questions its liability for the $120.00 total requested by Plaintiff for witness fees.

> Pursuant to 28 U.S.C. § 1920, costs may be taxed for:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court may not award costs other than those authorized by § 1920, because this section "imposes rigid controls on cost-shifting in federal courts." *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002) (internal quotations omitted); *see also 168th and Dodge, LP v. Rave Review Cinemas, LLC*, 501 F.3d 945, 957 (8th Cir. 2007). Upon objection by the opposing party as to authorized costs, however, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987).

Based on the plain language of 28 U.S.C. § 1920, and Defendant's lack of objection, Plaintiff is clearly entitled to collect the $150.00 requested for docket fees and the $15.00 requested for photocopies. The Court will not allow Plaintiff to recover the $25.00 requested for postage stamps, the $25.00 requested for typewriter ribbons and correction tape, or the $150.00 requested for long distance telephone calls because 28 U.S.C. § 1920 does not include the recovery of these costs in its list of recoverable costs. *See Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006) (cannot recover postage costs); *Hadix v. Johnson*, 322 F.3d 895, 900 (word processor repairs and supplies are not recoverable); *Syngenta Seeds, Inc. v. Delta Cotton Co-operative, Inc.*, 2007 WL 1106116 (E.D. Ark. April 12, 2007) (telephone calls are ordinarily not taxable costs). Only those costs that are listed in 28 U.S.C. § 1920 may be recovered, and accordingly, Defendants are not entitled to costs for these expenses. *See 168th and Dodge, LP*, 501 F.3d at 957. Finally, Plaintiff is entitled to the $40.00 in witness fees he requested for each of his three witnesses under 28 U.S.C. § 1821, but mileage costs will not be taxed for lack of documentation. *See Morrissey v. County Tower Corp.*, 568 F. Supp. 980, 982 (E.D. Mo. 1983).

## III. CONCLUSION

Plaintiff is awarded $750.00 in statutory damages, as a result of Defendant's violation of the Electronic Fund Transfer Act. Plaintiff is also entitled to collect $285.00 in costs, categorized as follows: $150.00 for docket fees; $15.00 for photocopies; and $120.00 for the witness fees of three witnesses.

Accordingly,

5

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Statutory Damages and Taxation of Costs [doc. #109] is **GRANTED**, **in part**, and **DENIED, in part**.

**IT IS FURTHER ORDERED** that Plaintiff is awarded statutory damages in the amount of $750.00.

**IT IS FINALLY ORDERED** that the Clerk of Court shall tax costs of this matter in favor of Plaintiff Christopher Collins in the amount of $285.00.

Dated this 1st Day of December, 2008.

*[signature]*
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE